### BURROUGH v. ABEL.

(Circuit Court, E. D. Pennsylvania. May 11, 1900.)

No. 10.

On reargument. Former opinion (100 Fed. 66) reaffirmed.

McPHERSON, District Judge. In deference to the able and earnest argument of the plaintiff's counsel, I have reconsidered the decision heretofore made in this case, but I see no sufficient reason to change the conclusion then announced. The act of 1868 expressly declares that "there shall be levied and collected on all distilled spirits on which the tax prescribed by law has not been paid" a tax of 70 cents per gallon, and, in my opinion, this tax fastened

immediately upon every gallon that was then in existence. The sum due was to be "paid" before removal, but the tax was "levied" by the act itself, without further proceeding. It is true that the act does not provide for gauging the whisky that was in bond at the time of the passage of the act, and this omission may add to the difficulties of the plaintiff's case; but I am bound by what I regard as the plain language of the statute, imposing a tax upon all of the plaintiff's spirits that were then in a bonded warehouse. It may be that the plaintiff has an equitable claim for repayment, such as congress acted upon in the case of other distillers (Act 1886; 24 Stat. 853), but the very fact that a statute was found to be necessary before their claims could be allowed is of some value in supporting the view that I have heretofore stated.

The government has signified its willingness to agree with the plaintiff upon an estimate of the amount in bond on July 20, 1868, and I think there is no insurmountable obstacle in the way of reaching a sufficiently accurate conclusion upon this point. If no such conclusion can be reached, however, I can only say that the court has not been furnished with a fact that is regarded as essential to the entry of a proper judgment.